A CERTIFIED TRUE COPY
ATTEST

By Tarrell L. Littleton on Oct 06, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION



UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 06, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: HYDROXYCUT MARKETING AND SALES
PRACTICES LITIGATION

09md2087-BTM

MDL No. 2087

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in the Southern District of California *Coleman* action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of sixteen actions in the Southern District of California.[1] Those actions are listed on Schedule A and pending in twelve districts as follows: three actions in the Southern District of California, two actions each in the Northern District of Alabama and the District of New Jersey, and an action each in the Middle District of Alabama, the Eastern District of California, the Northern District of California, the Southern District of Florida, the Northern District of Illinois, the Eastern District of Louisiana, the District of Massachusetts, the Middle District of Tennessee, and the Western District of Wisconsin.[2]

Plaintiffs' motion is supported in its entirety by responding defendants[3] and plaintiffs in three

---

[*] Judge Heyburn took no part in the decision of this matter.

[1] Plaintiffs' motion originally included an action in the Eastern District of Michigan, which has since been voluntarily dismissed.

[2] In addition to the sixteen actions now before the Panel, the parties have notified the Panel of six related actions pending as follows: three actions in the Southern District of New York, and an action each in the Central District of California, the Northern District of Georgia, and the Western District of Texas. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[3] CVS Pharmacy, Inc.; HC Foreign Trademark, Ltd.; Iovate Health Research, Inc.; Iovate Health Sciences Capital, Inc.; Iovate Health Sciences, U.S.A, Inc.; Iovate Health Sciences, Inc.; Iovate Health Sciences Group, Inc.; Iovate Health Sciences International, Inc.; Iovate Health Sciences Research, Inc.; Iovate HC 2005 Formulations Ltd.; Iovate T&P, Inc.; General Nutrition Centers, Inc.; GNC Corp.; John's Lone Star Distribution, Inc.; Leukic U.S. Trademark, Ltd.; MTOR U.S. Trademark, Ltd.; Multi Formulations, Ltd.; Muscletech, Inc.; Muscletech Research & Development, Inc.; New HC U.S. Trademark, Ltd.; Vitamin Shoppe Industries, Inc.; Vitamin World,

- 2 -

actions. Plaintiffs in the Northern District of Illinois action oppose the motion and, alternatively, suggest centralization in the Northern District of Illinois. The remaining responding plaintiffs suggest centralization in the following districts: the Northern District of Alabama, the Southern District of Florida, the Northern District of Georgia, the Eastern District of Louisiana, or the Southern District of New York.

On the basis of the papers filed and hearing session held, we find that these sixteen actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions regarding the manufacturing, marketing and/or safety profile of certain Hydroxycut-branded products.[4] Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to issues of class certification; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs argue against transfer that, *inter alia*, centralization is not warranted because the circumstances surrounding each individual's use of a Hydroxycut product will vary. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. Despite any differences among the actions, all actions arise from common factual allegations concerning the Hydroxycut-branded products, particularly those products' potential to cause certain serious liver-related conditions. Transfer of these related actions under Section 1407 allows the transferee judge to develop a pretrial program to: (1) allow pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and (2) conduct pretrial proceedings in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

The allegedly defective Hydroxycut-branded products were sold throughout the nation, and no single district stands out as a geographic focal point of the controversy. While several of the proposed transferee forums would be acceptable, we are persuaded that the Southern District of California is an appropriate transferee forum for this litigation. Three actions are pending in this

---

Inc.; Walgreen Co.; and Wal-Mart Stores, Inc.

[4]     These products include the following: Hydroxycut Regular Rapid Release Caplets; Hydroxycut Caffeine-Free Rapid Release Caplets; Hydroxycut Hardcore Liquid Caplets; Hydroxycut Max Liquid Caplets; Hydroxycut Regular Drink Packets; Hydroxycut Caffeine-Free Drink Packets; Hydroxycut Hardcore Drink Packets (Ignition Stix); Hydroxycut Max Drink Packets; Hydroxycut Liquid Shots; Hydroxycut Hardcore RTDs (Ready-To-Drink); Hydroxycut Max Aqua Shed; Hydroxycut 24; Hydroxycut Carb Control; and Hydroxycut Natural.

- 3 -

district, and responding defendants and several plaintiffs support centralization there. Further, by centralizing the litigation before Judge Barry Ted Moskowitz, we are assigning this docket to a jurist experienced in multidistrict litigation who will steer these actions on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Barry Ted Moskowitz for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | |

I hereby attest and certify on 10/16/09
That the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By_____Deputy

IN RE: HYDROXYCUT MARKETING AND SALES
PRACTICES LITIGATION                                                                      MDL No. 2087

## APPENDIX A

### Middle District of Alabama

David Chancellor v. Iovate Health Sciences, U.S.A., Inc., et al., C.A. No. 2:09-438

### Northern District of Alabama

Amy Baker v. MuscleTech Research & Development, Inc., et al., C.A. No. 2:09-872
Kyle Davis, et al. v. Iovate Health Sciences, U.S.A., Inc., et al., C.A. No. 2:09-896

### Eastern District of California

Christopher Lopez, et al. v. Iovate Health Sciences, Inc., et al., C.A. No. 2:09-1473

### Northern District of California

Robert Manley, et al. v. Iovate Health Sciences, Inc., et al., C.A. No. 3:09-2517

### Southern District of California

Cody Coleman, et al. v. Iovate Health Sciences, U.S.A., Inc., et al., C.A. No. 3:09-988
Connie L. Williams v. Iovate Health Sciences, Inc., et al., C.A. No. 3:09-1020
Andrew Dremak v. Iovate Health Sciences Group, Inc., et al., C.A. No. 3:09-1088

### Southern District of Florida

Patricia Major, et al. v. Iovate Health Sciences, Inc., et al., C.A. No. 1:09-21501

### Northern District of Illinois

Flor E. Mendoza, et al. v. Iovate Health Sciences, U.S.A., Inc., et al., C.A. No. 1:09-3415

### Eastern District of Louisiana

Enjoli Pennier v. Iovate Health Sciences, U.S.A., Inc., et al., C.A. No. 2:09-3533

- A2 -

**MDL No. 2087 Schedule A (Continued)**

<u>District of Massachusetts</u>

James Faherty v. Iovate Health Sciences, U.S.A., Inc., et al., C.A. No. 1:09-10732

<u>District of New Jersey</u>

Clifford Kafka v. Iovate Health Sciences, Inc., et al., C.A. No. 2:09-2163
Raymond Ortiz, II, et al. v. Iovate Health Sciences, U.S.A., Inc., et al., C.A. No. 2:09-2424

<u>Middle District of Tennessee</u>

Patricia Akins, et al. v. Iovate Health Sciences, U.S.A., Inc., et al., C.A. No. 3:09-450

<u>Western District of Wisconsin</u>

Marques Parke, et al. v. Wal-Mart Stores, Inc., et al., C.A. No. 3:09-347